IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

FILED

2013 JUN 21 P 2: 14

U.S. DISTRICT COURT

MICHAEL C. SULLIVAN,
    Plaintiff,

v.

SAFARILAND, LLC.,

SCOTT O'BRIEN,
Individually and in His Official Capacity

KANDERS & COMPANY, INC.,

WARREN B. KANDERS,
Individually and in His Official Capacity

BAE SYSTEMS, PLC.,

ARMOR HOLDINGS, INC.,
    Defendants.

Case No. 2:13-cv-174

Judge Greer

## COMPLAINT OF MICHAEL C. SULLIVAN

**COMES NOW**, Michael C. Sullivan, Plaintiff in the above entitled and numbered cause, by and through Undersigned Counsel, and files this Complaint of Michael C. Sullivan (hereinafter "Mr. Sullivan" or "Plaintiff"), demanding damages from the Defendants, jointly and severally, and in support thereof sets forth the following allegations and claims:

I.     **JURISDICTION AND VENUE**

    1.     Jurisdiction in this matter is based upon 28 U.S.C. Section 1332, and the amount in controversy herein exceeds the sum of $75,000.

2. Venue in this matter is proper with this court as the incident at issue in this litigation occurred in Sullivan County, Tennessee, which is within jurisdictional boundaries of this court.

## II. PARTIES

3. Plaintiff, Michael Sullivan, is an adult individual, citizen, and resident of the State of West Virginia, residing at Angel Hill Farm, 146 Rosedale Road, Stumptown, WV, 25267.

4. Defendant Safariland, LLC, also known under its trade name "The Safariland Group" (hereinafter "Safariland") is a limited liability company incorporated in Delaware. Safariland manufactures equipment for law enforcement agencies and it makes armored combat vehicles, ships and satellite systems for the military. Among the law enforcement products that it manufacturers are narcotics field testing kits marketed under the "NIK Public Safety" name. Safariland is headquartered in Jacksonville, FL and employs over 1,700 people in Florida, California, Wyoming, Mexico, and Massachusetts. Safariland was founded in 1964 in Sierra Madre, CA. Safariland's Registered Agent of Service is "CT Corporation System" and is located at 1200 South Pine Island Road, Plantation, FL 33324.

5. Defendant Scott O'Brien is the President of Safariland LLC, a position he has retained for the last 35 years. His business address is listed as 3120 E. Mission Blvd., Ontario, Canada 91761. This Defendant is being sued in both his individual and official capacity.

6. Defendant Kanders & Company, INC. is a principal investment firm specializing in acquisition of public companies. It is the principal owner of Safariland, LLC, having purchased Safariland from BAE Systems, PLC in 2012. Kanders and Company, INC. was founded in 1999 and is headquartered in Stamford, Connecticut. Its Registered Agent of Process is "Lexis Document Services, INC." and it is located at 50 Weston Street, Hartford, CT 06120-1537.

7. Defendant Warren B. Kanders is the CEO and President of Kanders & Company, INC., the principal investment firm which owns Safariland, LLC. His business address is One Landmark Square, Floor 22, Stamford, CT 06901. His residence address is 21 Dairy Road, Greenwich, CT 06830. This Defendant is being sued in both his individual and official capacity.

8. Defendant BAE Systems, INC. is a major subsidiary of the British defense and aerospace company BAE Systems, PLC. Per a special security agreement, BAE Systems, INC. operates as a semi-autonomous business unit within BAE Systems controlled at a local level by American management. BAE Systems, INC. acquired Armor Holdings, INC in 2007. The acquisition of Armor Holdings included 19 companies that sold products to law enforcement and sporting markets. One of these companies, Safariland, was chosen as the umbrella company name of the new group. BAE Systems, INC. owned Safariland until 2012, when it sold the company to Kanders & Company. Linda Hudson has been the CEO of BAE Systems, INC. since 2009. The Registered Agent of Process for BAE Systems, INC. is "CT Corporation System," located at 4701 Cox Road STE 301, Glen Allen, VA 23060.

9. Armor Holdings, INC. was a Delaware corporation, headquartered in Jacksonville, Florida, whose subsidiaries specialized in the manufacture and sale of military, law enforcement, and personnel safety equipment. On July 31st, 2007, Armor Holdings was acquired by BAE Systems, INC.- an indirect wholly-owned U.S. subsidiary of Britain's BAE Systems PLC. Warren Kanders, as identified in paragraph 7 of this Complaint, served as CEO and Chairman of Armor Holdings, INC. prior to BAE acquiring Armor Holdings.

## III. INRODUCTION AND FACTUAL ALLEGATIONS

10. This is a civil action against the above Defendants, seeking to recover damages for injuries and other losses that Mr. Sullivan sustained as a result of the Defendants' actions involving negligence, misrepresentation, breach of warranty, and other applicable provisions of law.

11. For years, Defendants have been publicly committed to manufacturing and selling reliable and accurate field drug test kits to law enforcement agencies. Defendants have gained the trust and loyalty of law enforcement agencies around the country. However, Defendants have breached that trust.

12. On or about June 24, 2012, Mr. Sullivan attempted to attend a function in the Cherokee National Forest in Sullivan County, Tennessee. While there, Mr. Sullivan was detained by officers of the U.S. Forest Service and Sullivan Co. Sherriff's Department.

13. Mr. Sullivan's vehicle was searched. The officers conducted a field drug test on items found in Mr. Sullivan's vehicle. The field tests given were the NIK Field Test.

14. The NIK Field Test manufactured and sold by the Defendants gave false positives on several different items belonging Mr. Sullivan. As a result of this false positive, Plaintiff was seized, detained, confined, handcuffed, transported, and arrested.

15. Those items believed to be a controlled substance underwent laboratory testing by the Tennessee Bureau of Investigation and were confirmed to be a non-controlled substance. Mr. Sullivan while being unlawfully searched, seized, arrested, and detained, assured and represented to the Defendants that these personal items were not a controlled substance on June 24, 2012.

16. Defendants designed, tested, manufactured, assembled, analyzed, recommended, merchandised, advertised, promoted, distributed, supplied, and sold to distributors and retailers for sale, the subject field drug test kits and/or its components parts.

17. Defendants represented to law enforcement agencies and other consumers that NIK Field Test are "about 99% reliable".

18. These representations were not true and were made despite the fact that Defendant knew or should have known that they false and or misleading and created a false perception regarding the accuracy of the NIK Public Field Test. Further, these material misrepresentations were intentional, reckless, and without regard to the rights of general public.

19. Law enforcement officers have relied and continue to rely on these misrepresentations in purchasing and utilizing NIK Public Field Test Kits. As a result of the misrepresentations and the false positives, many members of the general public, including Mr. Sullivan, have been arrested, injured, and humiliated.

20. The Defendants should have reasonably expected members of the general public, including Mr. Sullivan, to be endangered by the use or handling of its product.

21. As a proximate result of the Defendants' actions including negligence, misrepresentation, and breach of warranty, Plaintiff sustained the injuries and damages described in this Complaint.

## CLAIM ONE: MISREPRESENTATION

22. Plaintiff incorporates herein by reference, as if specifically pleaded, the allegations set forth in paragraphs 1 through 22 above.

23. At all times herein mentioned, Defendants designed, tested, manufactured, assembled, analyzed, recommended, merchandised, advertised, promoted, distributed, supplied, and sold to distributors and retailers for sale, the subject field drug test kits and/or its components parts.

24. Defendants represented to law enforcement agencies and the public that the field drug test kits would be of a certain quality, standard, reliability, and accuracy.

25. Defendants' representations were a material fact and not merely opinion.

26. Defendants' representations were made to law enforcement agencies and others expected to buy or use the product.

27. Law enforcement agencies and those who purchased the field drug test kit knew of these representations, but did not know that they were untrue.

28. Law enforcement agencies and those who purchased the products relied on the representations of quality and accuracy made by the Defendants by using the product consistent with the representations.

29. The Defendants should have reasonably expected members of the general public, including Mr. Sullivan, to be endangered by the use or handling of its product.

30. The reliance of these representations made by the Defendants was a substantial factor in causing Mr. Sullivan's damages.

31. Defendants had superior knowledge of the field drug test kits such that they knew or should have known the tests are not as reliable as marketed.

32. As a proximate result of the misrepresentation made by the Defendant, Plaintiff sustained the injuries and damages described in this Complaint.

### CLAIM TWO: BREACH OF IMPLIED WARRANTY OF FITNESS

33. Plaintiff incorporates herein by reference, as if specifically pleaded, the allegations set forth in paragraphs 1 through 32 above.

34. At all times herein mentioned, Defendants designed, tested, manufactured, assembled, analyzed, recommended, merchandised, advertised,

promoted, distributed, supplied, and sold to distributors and retailers for sale, the subject field drug tests and/or its components parts.

35. Defendants have entered into contracts with law enforcements agencies to sell field drug test kits for the particular purpose of providing probable cause for law enforcement agencies to make arrests.

36. Defendants knew that the field drug test kits it sells to law enforcement agencies were to be used as probable cause for arrest.

37. Defendants knew that the field drug test kits were being sold for this particular purpose at the time of contracting.

38. Defendants knew that the field drug test kits were unreliable and not fit for such purpose.

39. Defendants had superior knowledge of the field drug test kits such that they knew or should have known the tests are not as reliable as marketed.

40. The Defendants should have reasonably expected members of the general public, including Mr. Sullivan, to be endangered by the use or handling of its product.

41. As a result of this breach of implied warranty of fitness for a particular purpose, Plaintiff sustained injuries and damages described in this Complaint.

### CLAIM THREE: NEGLIGENCE

42. Plaintiff incorporates herein by reference, as if specifically pleaded, the allegations set forth in paragraphs 1 through 42 above.

43. At all times herein mentioned, Defendants designed, tested, manufactured, assembled, analyzed, recommended, merchandised, advertised, promoted, distributed, supplied, and sold to distributors and retailers for sale, the subject field drug tests and/or its components parts.

44. Defendants owed a duty to the general public, including Mr. Sullivan to supply the field drug test kits with the quality and accuracy which they were contracted to provide.

45. Defendants owed a duty to the general public, including Mr. Sullivan, to adequately warn law enforcement agencies that the field drug test kits in question should not be used as probable cause for arrests.

46. Adequate warnings should have been given to law enforcement agencies that the Defendants should reasonably expect to use or handle its product.

47. The Defendants should have reasonably expected members of the general public, including Mr. Sullivan, to be endangered by the use or handling of its product.

48. Defendants breached their duty by promoting and selling their product as accurate and reliable for the purpose of probable cause for arrests.

49. The field drug test kits ultimately sold were not reliable and accurate enough to provide probable cause for arrests.

50. The Defendants have shown a conscious disregard for the true dangers associated with the product.

51. As a proximate result of the negligence and false representations made by the Defendants, Plaintiff sustained the injuries and damages described in this Complaint.

**CLAIM FOUR: TENNESSEE CONSUMER PROTECTION ACT**

**Tenn. Code Ann. § 47-18-101, et al.**

52. Plaintiff incorporates herein by reference, as if specifically pleaded, the allegations set forth in paragraphs 1 through 51 above.

53. Defendants knowing sold to law enforcement agencies and knowingly distributed into the market place a presumptive field drug test kit which was marketed as being reliable and accurate.

54. Defendants represented that the field drug test kits are of a particular standard, quality or grade, when they are of another.

55. Defendants' representations were false or misleading statements of fact.

56. Plaintiff incurred a substantial loss as a result of the misrepresentations made by the Defendants.

57. The field drug test kits sold by the Defendants were not of the same standard, quality, reliability, or accuracy as marketed.

**IV. PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment in excess of one million dollars ($1,000,000.00) against the Defendants for compensatory damages, for punitive damages, plus interest, costs, attorney's fees, and such other relief as this Honorable Court may deem just.

58. Plaintiff incorporates herein by reference, as if specifically pleaded, the allegations set forth in paragraphs 1 through 57 above.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in favor of the Plaintiff and against all Defendants and to award Plaintiff the following relief:

    (a) Compensatory damages as to all Defendants;

    (b) Punitive damages as to all Defendants;

    (c) Plaintiff's attorney's fees, expert witness fees and all other costs of suit;

    (d) A temporary injunction be issued enjoining the Defendants from recommending, advertising, promoting, distributing, or supplying to distributors or retailers for sale to law enforcement agencies during the pendency of this cause.

    (e) A permanent injunction be issued enjoining the Defendants from recommending, advertising, promoting, distributing, or supplying to distributors or retailers for sale to law enforcement agencies.

    (f) Such other relief as the Court deems appropriate;

    (g) Demand that a Jury try this action as to each defendant and each count.

RESPECTFULLY SUBMITTED, This the **21st** day of **June** 2013.

**THE BOWLIN LAW FIRM**

BY: _____
Troy L. Bowlin, II
Attorney for Michael Sullivan
400 West 1st North Street
Morristown, TN 37814
Telephone: (423) 581-2667

**DANIEL AND DANIEL**

BY: _____
Dirk Daniel
Attorney for Michael Sullivan
400 West 1st North Street
Rutledge, TN 37814
Telephone: (423) 581-2667