IN THE UNITED STATES DISTICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| MICHAEL C. SULLIVAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:13-cv-174 |
| | ) | |
| SAFARILAND, LLC, SCOTT O'BRIEN, individually and in his official capacity, KANDERS & COMPANY, INC., WARREN B. KANDERS, individually and in his official capacity, BAE SYSTEMS, PLC, and ARMOR HOLDINGS, INC., | ) ) ) ) ) ) | |
| Defendants, | ) | |

# ANSWER OF DEFENDANT SAFARILAND, LLC

Comes defendant Safariland, LLC, by and through counsel, and for answer to the plaintiff's Complaint would state as:

1. This defendant admits that jurisdiction is appropriate in this court pursuant to 28 U.S.C. § 1332 and further admits that the plaintiff claims that the amount in controversy exceeds the sum of $75,000. This defendant denies that the plaintiff is entitled to any damages.

2. This defendant admits the allegations in paragraph 2 of the plaintiff's Complaint.

3. This defendant is without information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the plaintiff's Complaint and accordingly denies all such allegations.

1

4. This defendant admits that Safariland, LLC is a limited liability company incorporated in Delaware and that, at the current time, it is also known under its trade name "The Safariland Group." This defendant admits that Safariland, LLC manufactures equipment for law enforcement agencies, but denies that it makes armored combat vehicles, ships, or satellite systems for the military. This defendant denies that Safariland, LLC was founded in 1964 in Sierra Madre, California, but admits that a predecessor was founded at that time and place. This defendant admits the remaining allegations in paragraph 4 of the plaintiff's Complaint.

5. This defendant admits that Scott O'Brien is the President of Safariland, LLC. This defendant denies that Scott O'Brien has been President of Safariland, LLC for the last 35 years. This defendant further denies that his business address is 3120 East Missions Boulevard, Ontario, California 91761. All claims against Scott O'Brien have been dismissed without prejudice.

6. All claims against Kanders & Company, Inc. have been dismissed without prejudice.

7. All claims against Warren B. Kanders have been dismissed without prejudice.

8. All claims against BAE Systems, PLC have been dismissed without prejudice.

9. All claims against Armor Holdings, Inc. have been dismissed without prejudice.

10. This defendant admits that this lawsuit is a civil action against this defendant seeking to recover damages for losses allegedly sustained by the plaintiff. This defendant is without information sufficient to form a belief as to whether the plaintiff suffered any losses and accordingly deny all such allegations. This defendant denies the remaining allegations in paragraph 10 of the plaintiff's Complaint.

11. This defendant admits that for years it has been publicly committed to manufacturing and selling reliable and accurate field drug test kits to law enforcement agencies. This defendant is without information sufficient to form a belief as to the truth of whether it has gained the trust and loyalty of law enforcement agencies around the country, but, upon information and belief, would admit said averment. This defendant denies the remaining allegations in paragraph 11 of the plaintiff's Complaint as they relate to this defendant.

12. This defendant is without information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the plaintiff's Complaint and accordingly denies all such allegations.

13. This defendant is without information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the plaintiff's Complaint and accordingly denies all such allegations.

14. This defendant is without information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the plaintiff's Complaint and accordingly denies all such allegations.

15. This defendant denies that the plaintiff made any statements to this defendant on June 24, 2012 that his personal items were not a controlled substance. This defendant is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 of the plaintiff's Complaint and accordingly denies all such allegations.

16. This defendant admits that it tests, assembles, analyzes, recommends, merchandises, advertises, promotes, distributes, supplies, and sells to distributors for sale field drug test kits and/or component parts. This defendant is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 of the plaintiff's Complaint and accordingly denies all such allegations.

17. This defendant denies the allegations in paragraph 17 of the plaintiff's Complaint.

18. This defendant denies the allegations in paragraph 18 of the plaintiff's Complaint.

19. This defendant denies the allegations in paragraph 19 of the plaintiff's Complaint.

20. This defendant denies the allegations in paragraph 20 of the plaintiff's Complaint.

21. This defendant denies the allegations in paragraph 21 of the plaintiff's Complaint.

22. This defendant incorporates herein by reference as if specifically pleaded the responses to paragraphs 1-21 of this defendant's Answer to the plaintiff's Complaint.

23. This defendant admits that it tested, assembled, analyzed, recommended, merchandised, advertised, promoted, distributed, supplied, and sold to distributors for resale field drug test kits and/or component parts. This defendant denies the allegations that it designed or manufactured said products. This defendant is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 of the plaintiff's Complaint and accordingly denies all such allegations.

24. This defendant admits that it has made representations to law enforcement agencies and the public concerning its field drug test kits. This defendant is without information sufficient to form a belief as to the truth of the averment that it made representations to law enforcement agencies and the public that the field drug test kits would be of a "certain quality, standard, reliability, and accuracy" due to the ambiguity inherent in said statement, and accordingly denies all such allegations.

25. This defendant is without information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the plaintiff's Complaint and accordingly denies all such allegations.

26. This defendant is without information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the plaintiff's Complaint and accordingly denies all such allegations.

27. This defendant denies making any untrue representations. This defendant is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 of the plaintiff's Complaint and accordingly denies all such allegations.

28. This defendant is without information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the plaintiff's Complaint and accordingly denies all such allegations.

29. This defendant denies the allegations in paragraph 29 of the plaintiff's Complaint.

30. This defendant denies the allegations in paragraph 30 of the plaintiff's Complaint.

31. This defendant denies the allegations in paragraph 31 of the plaintiff's Complaint.

32. This defendant denies the allegations in paragraph 32 of the plaintiff's Complaint.

33. This defendant incorporates herein by reference as if specifically pleaded its responses to paragraphs 1-32 above.

34. This defendant admits that it tested, assembled, analyzed, recommended, merchandised, advertised, promoted, distributed, supplied, and sold to distributors for resale field drug test kits and/or component parts. This defendant denies that it designed or manufactured field drug test kits and/or component parts. This defendant is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34 of the plaintiff's Complaint and accordingly denies all such allegations.

35. This defendant admits that it has entered into contracts with law enforcement agencies to sell field drug test kits. This defendant denies the remaining allegations in paragraph 35 of the plaintiff's Complaint.

36. This defendant denies the allegations in paragraph 36 of the plaintiff's Complaint.

37. This defendant denies the allegations in paragraph 37 of the plaintiff's Complaint.

38. This defendant denies the allegations in paragraph 38 of the plaintiff's Complaint.

39. This defendant denies the allegations in paragraph 39 of the plaintiff's Complaint.

40. This defendant denies the allegations in paragraph 40 of the plaintiff's Complaint.

41. This defendant denies the allegations in paragraph 41 of the plaintiff's Complaint.

42. This defendant incorporates herein by reference, as if specifically pleaded, its responses to paragraphs 1-41 as set forth above.

43. This defendant admits that it tested, assembled, analyzed, recommended, merchandised, advertised, promoted, distributed, supplied, and sold to distributors for resale field drug test kits and/or component parts. This defendant denies that it designed or manufactured field drug test kits and/or component parts. This defendant is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 43 of the plaintiff's Complaint and accordingly denies all such allegations.

44. This defendant denies the allegations in paragraph 44 of the plaintiff's Complaint.

45. This defendant denies the allegations in paragraph 45 of the plaintiff's Complaint.

46. This defendant denies the allegations in paragraph 46 of the plaintiff's Complaint.

47. This defendant denies the allegations in paragraph 47 of the plaintiff's Complaint.

48. This defendant denies the allegations in paragraph 48 of the plaintiff's Complaint.

49. This defendant denies the allegations in paragraph 49 of the plaintiff's Complaint.

50. This defendant denies the allegations in paragraph 50 of the plaintiff's Complaint.

51. This defendant denies the allegations in paragraph 51 of the plaintiff's Complaint.

52. This defendant incorporates herein by reference, as if specifically pleaded, its responses set forth in paragraphs 1-51 above.

53. This defendant admits that it knowingly sold to law enforcement agencies and distributors presumptive field drug test kits. This defendant is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 53 of the plaintiff's Complaint and accordingly denies all such allegations.

54. This defendant denies the allegations in paragraph 54 of the plaintiff's Complaint.

55. This defendant denies the allegations in paragraph 55 of the plaintiff's Complaint.

56. This defendant denies the allegations in paragraph 56 of the plaintiff's Complaint.

57. This defendant denies the allegations in paragraph 57 of the plaintiff's Complaint.

58. This defendant denies that the plaintiff is entitled to any of the relief that he seeks in his prayer for relief, including in the unnumbered paragraph wherein he demands judgment in excess of one million dollars against the defendants for compensatory damages, for punitive damages, plus interest, costs, attorney fees, and such other relief as this Honorable Court may deem just.

59. This defendant incorporates herein by reference, as if specifically pleaded, its responses set forth in paragraph 1-58 above. This defendant admits that plaintiff is entitled to a jury to try this action and this defendant demands a jury of 12 to try this action. This defendant denies that the plaintiff is entitled to any of the remaining relief that it seeks in his unnumbered WHEREFORE section after paragraph 58 of the plaintiff's Complaint.

60. This defendant denies all allegations in the plaintiff's Complaint not heretofore admitted, explained, or denied.

61. This defendant asserts that the plaintiff fails to state a claim upon which relief can be granted in regard to any and all claims in his Complaint, including, but not

limited to, his claims based upon misrepresentation, breach of implied warranty of fitness, negligence, and the Tennessee Consumer Protection Act.

62. This defendant asserts that the sole proximate causes of any injuries or damages allegedly suffered by the plaintiff are the result of actions of the plaintiff and/or other third parties. Upon information and belief, the plaintiff admitted to U.S.D.A. Forest Service agents that he was in possession of peyote, which is a felony under Tennessee law, and that any damages allegedly suffered by the plaintiff arise from his statements in that regard and the possession of said peyote.

63. In the alternative, the action of Sullivan County Sheriff's Deputy Jeremiah Lane in seizing, searching, detaining, confining, handcuffing, transporting, and arresting the plaintiff was the sole proximate cause of any injuries allegedly suffered by the plaintiff.

64. In the alternative, this defendant asserts that the actions of all persons listed as defendants in the case styled *Michael C. Sullivan v. Wayne Anderson, Sheriff of Sullivan County, Sullivan County Sheriff's Deputy Jeremiah Lane, Sullivan County Sheriff's Deputy Jeff Dotson, County Mayor Steve Godsey, Sullivan County and John and Jane Does,* United States District Court for the Eastern District of Tennessee at Greeneville, Docket No.: 2:13-CV-173, are the sole proximate cause of any injuries and or damages allegedly suffered by plaintiff on the grounds set forth in said lawsuit, namely, that they searched, seized, arrested, and detained the plaintiff as well as seizing and retaining his personal property.

10

65. In the alternative, under the doctrine of comparative fault, this defendant asserts that the plaintiff is barred from recovery, or should have his recovery reduced, by the percentage of fault apportioned to him as a result of his admissions that he was in possession of peyote and his actual possession of peyote.

66. In the alternative, this defendant asserts under the doctrine of comparative fault that fault should be apportioned to the defendants in the case styled *Michael C. Sullivan v. Wayne Anderson, Sheriff of Sullivan County, Sullivan County Sheriff's Deputy Jeremiah Lane, Sullivan County Sheriff's Deputy Jeff Dotson, County Mayor Steve Godsey, Sullivan County and John and Jane Does,* United States District Court for the Eastern District of Tennessee at Greeneville, Docket No.: 2:13-CV-173, on the basis that the actions of said parties are a proximate cause of any injuries and/or damages allegedly suffered by plaintiff on the grounds set forth in said lawsuit, namely, that said defendants allegedly searched, seized, arrested, and detained the plaintiff as well as seizing and retaining his personal property.

67. In the alternative, this defendant asserts that the acts of United States Department of Agriculture Forest Service agents, perhaps including Joan Rizkallah, officers Harris, Smith, Johnson, and Valles, in stopping the plaintiff, searching (including a canine search) his vehicle, seizing items out of his vehicle, testing certain contents of his vehicle, and alleging that said contents were controlled substances were the sole proximate cause or a proximate cause of any injuries allegedly suffered by the plaintiff. Accordingly, under the doctrine of comparative fault, fault should be apportioned to said

parties. These parties made statements to Sergeant Jeremiah Lane upon which Sergeant Lane apparently relied in arresting the plaintiff.

68. In the alternative, the actions of the aforementioned U.S.D.A. Forest Service officers and Sergeant Lane were the sole proximate cause or a substantial contributing factor to any damages allegedly suffered by the plaintiff on the basis that said persons were negligent in their performance of any field drug tests in that they did not perform the tests properly or interpret them properly.

69. In the alternative, the acts of the above-stated officers of the United States Department of Agriculture Forest Service and/or Sullivan County Sheriff's Department, including Sergeant Lane, are superseding intervening causes of any injuries or damages allegedly suffered by the plaintiff and thereby prevent any recovery by the plaintiff from this defendant.

70. The plaintiff has failed to state a claim upon which relief can be granted in regard to his claim for punitive damages.

71. The plaintiff's claim for punitive damages should be struck for failure to plead specific facts to warrant an award of punitive damages.

72. This defendant requests a bifurcated hearing in regard to the issue of obtaining punitive damages.

73. The imposition of punitive damages against this defendant would violate the United States Constitution by depriving this defendant of due process under the 14th Amendment. An imposition of punitive damages against this defendant by consideration

of acts or any injuries inflicted by this defendant on non-parties, strangers to the litigation, would deprive this defendant of due process.

74. An award of punitive damages against this defendant would violate the United States Constitution and deprive this defendant of due process under the 14th Amendment unless the award bears a reasonable relationship to the compensatory damages awarded in the case.

75. An award of punitive damages against this defendant would violate the United States Constitution and deprive this defendant of due process under the 14th Amendment if it considered conduct of this defendant unrelated to the conduct in the present case.

76. An award of punitive damages against this defendant would violate the United States Constitution and deprive this defendant of due process under the 14th Amendment if it considered conduct of this defendant in other states.

77. An award of punitive damages against this defendant would violate the United States Constitution and deprive this defendant of due process under the 14th Amendment if the award was based on its financial conditions.

78. An award of punitive damages against this defendant would violate Article 1 Section 8, Law of the Land clause, i.e., due process clause, of the Tennessee Constitution on the grounds set forth above.

79. This defendant would rely upon any applicable statutes of limitation or statutes of repose, including, but not limited to, Tenn. Code Ann. §§ 28-3-104, 28-3-105, 47-2-725, and 29-28-103.

80. This defendant is not liable to the plaintiff under Tenn. Code Ann. § 29-28-108.

81. This defendant demands a jury of 12 to try this cause of action.

WHEREFORE, PREMISES CONSIDERED, this defendant prays to be dismissed from this cause of action, with costs to be assessed against the plaintiff.

Respectfully submitted this 7th day of October, 2013.

/s/Edward U. Babb
EDWARD U. BABB, BPR # 013707
BUTLER, VINES AND BABB, PLLC
*Attorney for Defendant Safariland, LLC,*
2701 Kingston Pike
P. O. Box 2649
Knoxville, TN 37919
865/244-3926

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

This the 7th day of October, 2013.

BUTLER, VINES AND BABB, PLLC

By: s/Edward U. Babb
EDWARD U. BABB